[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 I FACTUAL BACKGROUND
The plaintiff, Chetan Patel, is a principal in Atithi Hospitality, LLC, co-plaintiff, which purchased the property in question, 89 Mill Plain Road in Danbury, Connecticut, on February 4, 1999 from the defendants, Peter L. Alagna and Rosalia S. Alagna, who did business as Manor Brook Village, LLC, a co-defendant. Mr. Patel, who previously managed motels as part of his family's business, was in the process of developing the newly purchased property, which was already operating as a motel, when he discovered soil and water pollution from heating oil at the site of an underground storage tank (UST). The Alagnas had purchased the property previously from Mary Zuchack, a co-defendant, on or about October 5, 1995.
The plaintiffs drafted a twenty-one count complaint which alleged, among other things, fraud, negligent misrepresentation, intentional infliction of emotional distress, statutory violations, breach of contract, and negligence. The plaintiffs, Atithi Hospitality, LLC and a motel owner/developer, Chetan Patel, claim that the defendants, collectively and individually, caused the plaintiffs to incur substantial remediation or cleanup costs on the property originally owned by the defendants.
At trial, the plaintiff introduced evidence of pollution cleanup costs amounting to $55,029.80 and made specific reference to Connecticut General Statutes § 22a-452. That statute allows for the recovery of costs on a pro rata basis where the "pollution . . . results from the joint negligence or other actions of two or more persons, firms or corporations . . ."
The contract between the plaintiffs and the Alagnas referred to the CT Page 1535 sale as being one where the property was sold on an "as is" basis. (Defendant's Exhibit H, p. 4.) Yet the same contract bound the sellers, the Alagnas, to comply with all state laws. (Exhibit H, ¶ 13(f).) The Alagnas also shared with the plaintiffs the Phase 1 site assessment (9/6/95) done for the Alagnas by a bank. (Plaintiff's Exhibit 3.) The Phase 1 report, at page 11, revealed the probable existence of an underground storage tank and recommended its removal, at page 16. At trial, Mr. Patel testified that he never pursued the Phase 1 findings and recommendations with his own attorneys.[1]
There was testimony from Mr. Patel that Mr. Alagna, who had prior experiences in matters of pollution regulations enforcement as a former state employee in the Department of Environmental Protection for a number of years, had assured Mr. Patel that the UST had been removed and that there were no contamination problems. Mr. Alagna had a different recollection of what was orally communicated to Mr. Patel.
There was also testimony and documentary evidence regarding the knowledge of Mrs. Zuchack about a leaking UST on the property.
The plaintiffs claim damages, costs, interest and attorneys fees against all defendants.
The defendants, Alagna and Manor Brook Village, LLC, cross claimed against Mary Zuchack claiming damages per Connecticut General Statutes § 22a-452.
The plaintiffs have submitted proof of attorneys fees amounting to $40,798.75 and have claimed interest amounting to $13,220.34, computed at 10 percent on the remediation costs from October 1, 2000 to November 1, 2003, citing § 37-3a of the Connecticut General Statutes.
 II DISCUSSION
The plaintiffs have proven their case as to recovery under § 22a-452
of the Connecticut General Statutes. Therefore, the plaintiffs are entitled to remediation costs against the defendants, Peter L. Alagna, Rosalia S. Alagna, Manor Brook Village, LLC and Mary Zuchack. The court pro-rates the award of remediation costs of $55,029.80 as follows: 50 percent (or $27,514.90) to the defendants, Alagna and Manor Brook Village, LLC; and 50 percent (or $27,514.90) to Mary Zuchack. Interest, attorneys fees and punitive damages are not awarded to the plaintiff.
Downey, J.